BULOVA WATCH CO., INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83–11–01613

Before FORD, *Judge.*

(Decided February 25, 1985)

*Kuhn Muller and Bazerman (Perla M. Kuhn) for the Plaintiff.*
*Richard K. Willard,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office *(Michael P. Maxwell),* for the defendant.

FORD, *Judge:* This action arises from an entry of watch parts imported by plaintiff which were classified by Customs under Item 720.75, Tariff Schedules of the United States, as "other assemblies or subassemblies for watch movements * * *" and assessed with duty in the sum of $9,204.48. Plaintiff contended the merchandise was entitled to entry free of duty under Item 800.00, TSUS, as American goods returned, not advanced in value or improved in condition, etc.

A timely protest was filed and subsequently denied for failure or plaintiff to supply certain required information. Plaintiff then timely instituted this civil action.

Defendant has moved to dismiss the action on the ground that a jurisdictional prerequisite has not been satisfied, namely, failure to pay the liquidated duties at the time the action was instituted as required by 28 U.S.C. 2637(a).[1] An affidavit to this effect by the Assistant Chief Counsel, International Trade Litigation, United States Customs Service, has been filed with defendant.

Plaintiff, however, contends the sume due was paid as a result of Customs applying refunds of $9,218.00 due it on other entries. This payment is not disputed but was applied by Customs as a result of a liquidation approximately three months subsequent to the institution of this action.

As indicated, the statutory provision requires that an action may be instituted "only if all liquidated duties, charges, or exactions have been paid *at the time the action is commenced.*" (Emphasis added.) In view of the clear language of the statute, the Court is compelled to dismiss this action. *See United States* v. *Novelty Imports, In.,* 60

---

[1] § 2637. Exhaustion of Administrative remedies:
(a) A civil action contesting the denial of a protest under section 515 of the Tariff Act of 1930 my be commenced in the Court of international Trade only if all liquidated duties, charges,or exactions have been paid at the time the action is commenced, except that a surety's obligation to pay such liquidated duties, charges, or exactions is limited to the sum of any bond related to each entry included in the denied protest.

CCPA 131, C.A.D. 1096, 475 F. 2d 1385 (1973); *Eddietron, Inc.* v. *United States,* 84 Cust. Ct. 158, C.D. 4853, 493 F. Supp. 5875 (1980). In view of the foregoing it is hereby

ORDERED, that the action be, and the same hereby is, dismissed.